FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2     A Limited Liability Partnership
  Including Professional Corporations
3   NEIL A.F. POPOVIC, Cal. Bar No. 132403
npopovic@sheppardmullin.com
4   Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
5   Telephone:  415.434.9100
Facsimile:  415.434.3947
6
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7     A Limited Liability Partnership
  Including Professional Corporations
8   MICHAEL MURPHY, Cal. Bar No. 234695
mmurphy@sheppardmullin.com
9   12275 El Camino Real, Suite 200
San Diego, CA 92130
10  Telephone:  858.720.8900
Facsimile:  858.509.3691
11
MURPHY & KING, P.C.
12  THEODORE J. FOLKMAN [subject to admission *pro hac vice*]
tjf@murphyking.com
13  One Beacon Street
Boston, MA 02108
14  Telephone:  617.226.3451
Facsimile:  617.305.0651
15
Attorneys for HTC CORP.

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                   SOUTHERN DIVISION

19

20  In Re:                        Case No.  **SACV12-02113 AG (MLGx)**

21  APPLICATION OF HTC CORP. FOR    **HTC CORP.'S *EX PARTE***
ISSUANCE OF A SUBPOENA TO        **APPLICATION FOR ISSUANCE**
22  BROADCOM CORP.                  **OF A SUBPOENA TO BROADCOM**
    **CORP.**
23

24

25          This is an *ex parte* application for an order under 28 U.S.C. § 1782(a)

26  granting the applicant, HTC Corp. ("HTC"), leave to serve a subpoena on Broadcom

27  Corp. ("Broadcom") to obtain documents for use in two German patent infringement

28  actions.  This application shows that HTC has satisfied the statutory prerequisites

-1-

1  for application of the statute and that the discretionary factors, including the specific

2  factors prescribed by the Supreme Court, favor granting the application. The

3  application is supported by the accompanying Declaration of Dr. Stephan Gruber

4  ("the Gruber Declaration"). A proposed order is attached to this application as

5  Exhibit 1. The proposed subpoena is attached to this application as Exhibit 2.

6                                              I.

7                                      **BACKGROUND**

8          HTC, a well-known developer and manufacturer of mobile telephones

9  and smartphones, has sued Nokia GmbH and Nokia Oyj, in Germany. Nokia Oyj is

10 a manufacturer of mobile telephones and smartphones, and, with Nokia GmbH, it

11 sells Nokia phones in Germany. The claim in the German proceedings is for

12 infringement of European patent EP 2073096 B1, a patent relating to power

13 management systems in electronic devices having telecommunication and wireless

14 communication capabilities ("the 096 Patent"). The suits, *HTC Corp. v. Nokia*

15 *GmbH*, which is before the Mannheim Regional Court with Case No. 7 O 181/12,

16 and *HTC Corp. v. Nokia Oyj*, which is before the Munich Regional Court with Case

17 No. 7 O 16023/12 ("the German Patent Actions"), seek an injunction enjoining the

18 sale or offering for sale of the infringing products and provision of information for

19 the calculation of damages. (Gruber Decl. ¶ 2).

20         In the German Patent Actions, HTC claims that certain Nokia

21 smartphones infringe the Patent. In particular, HTC claims that Lumia smartphones

22 sold in Germany by Nokia Oyj and Nokia GmbH infringe the Patent, due, amongst

23 other things, to the way in which the wireless communication module and the

24 application processing unit of those devices are adapted to interact on receipt of data

25 via the internet. (Gruber Decl. ¶ 5). The Nokia products at issue contain a BCM4329

26 wireless connectivity chip designed and supplied by Broadcom. The functionality of

27 this chip must be recorded in Broadcom documents. Such documents are expected

28 to support HTC's case that the accused smartphones infringe the 096 Patent because

                                          -2-

1  of the way in which their wireless communication modules and their application

2  processing units are adapted to interact on receipt of data via the internet. Thus an

3  understanding of the chip's relevant functionality is relevant to demonstrating that

4  Nokia has directly or indirectly infringed the 096 Patent. (Gruber Decl. ¶ 7).

5         In this application, HTC seeks leave to serve a subpoena on Broadcom

6  that will require Broadcom to produce documents in response to narrowly tailored

7  requests. These requests aim to allow HTC to obtain information about the

8  functionality of the Broadcom chips in the accused devices. HTC is seeking these

9  documents in order to assist the German courts in determining the merits of the

10  German Patent Actions. As this application shows, HTC has satisfied the three

11  statutory prerequisites for application of section 1782: (i) it is an "interested

12  person" seeking documents (ii) from a company that "resides or is found" in this

13  district (iii) for use in a "proceeding in a foreign ... tribunal." HTC has also

14  satisfied the discretionary factors set out by the Supreme Court in *Intel Corp. v.*

15  *Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). As shown below, Broadcom is

16  not a party to the German Patent Actions; the German courts are receptive to

17  evidence-gathering in the United States; HTC is not seeking to circumvent German

18  proof-gathering restrictions; and the subpoena is not unduly intrusive or

19  burdensome. Moreover, Nokia itself has sought and obtained US judicial assistance

20  under section 1782 in aid of the German Patent Action to obtain documents from

21  another chip manufacturer, Qualcomm, whose products, like Broadcom's, are

22  included in the accused devices. For these reasons, HTC respectfully requests that

23  the Court grant this application.

## II.

## ARGUMENT

### A.    Background to Section 1782.

27         The judicial assistance statute, 28 U.S.C. § 1782, permits a person with

28  a sufficient interest in a proceeding before a foreign tribunal to seek leave to obtain

-3-

1  discovery in the United States for use in the foreign proceeding.  The statute

2  provides:

> The district court of the district in which a
> person resides or is found may order him to
> give his testimony or statement or to produce
> a document or other thing for use in a
> proceeding in a foreign or international
> tribunal ... .  The order may be made ... upon
> the application of any interested person and
> may direct that the testimony or statement be
> given, or the document or other thing be
> produced, before a person appointed by the
> court.

12  28 U.S.C. § 1782(a).

13  An *ex parte* application under the statute is proper, because the person

14  to whom the proposed subpoena is directed can raise any objections by a motion to

15  quash after the subpoena issues.  *See In re Letters Rogatory from Tokyo Dist.,*

16  *Tokyo, Japan,* 539 F.2d 1216, 1219 (9th Cir. 1976); *In re Ex Parte Application of*

17  *Motorola Mobility, LLC,* 2012 WL 4936609, at *1 (N.D. Cal. Oct. 17, 2012).

18  **B.    HTC Meets The Statutory Prerequisites For**
    **Application of the Judicial Assistance Statute.**

19

20  HTC must meet three statutory prerequisites before the Court can grant

21  leave to take discovery.  It easily meets the three prerequisites here.

22  *First,* HTC must be an "interested person."  28 U.S.C. § 1782(a).

23  Litigants in the foreign proceeding are "interested persons" for purposes of the

24  statute.  *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 256 (2004).

25  HTC is the plaintiff in the German Patent Actions and therefore is an "interested

26  person" for purposes of the statute.

27  *Second,* the person from whom discovery is to be sought must be a

28  "person" who "resides or is found" in the judicial district where the applicant seeks

-4-

SMRH:407646912.2

Case No. _____
HTC CORP.'S *EX PARTE* APPLICATION FOR
ISSUANCE OF A SUBPOENA TO BROADCOM CORP.

1  judicial assistance.  *See* 28 U.S.C. § 1782(a).  The word "person," in this context,

2  includes corporations and other business entities.  *See Al Fayed v. CIA*, 229 F.3d

3  272, 274 (D.C. Cir. 2000) (citing 1 U.S.C. § 1).  A corporation is deemed to reside

4  at least in the district where it has its headquarters.  *See In re Godfrey*, 526 F. Supp.

5  2d 417, 422 (S.D.N.Y. 2007).  Broadcom's headquarters are in Orange County

6  (Gruber Decl. ¶ 6 & Ex. A), and so Broadcom resides and is found within this

7  judicial district.

8      *Third*, the discovery must be sought for use in a "proceeding before a

9  foreign or international tribunal."  28 U.S.C. § 1782(a).  The courts of Germany are

10  foreign tribunals, and US cases have granted judicial assistance in aid of German

11  judicial proceedings in other cases.  *See, e.g., Brandi-Dohrn v. IKB Deutsche*

12  *Industriebank AG*, 673 F.3d 76 (2d Cir. 2012); *In re Letter of Request from*

13  *Amtsgericht Ingolstadt, Federal Republic of Germany*, 82 F.3d 590 (4th Cir. 1996).[1]

14      These three requirements are the *only* threshold requirements for

15  application of the statute.  In particular, there is no requirement that the evidence

16  sought in the United States be discoverable under the procedural law of the foreign

17  tribunal, *see Intel*, 542 U.S. at 259-62, or that the evidence sought in the United

18  States be admissible under the applicable foreign law, *see In re Request for Judicial*

19  *Assistance from Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977).

20

21  **C.   The *Intel* Factors Favor Granting This Application.**

22      Because the statute provides that a district court "may" (not must) order

23  discovery, once the Court determines that the three statutory prerequisites are

24  satisfied, as they plainly are here, the Court must consider *whether* to authorize the

25

26

27  [1]    We cite several examples of district courts in California granting judicial assistance in

28      German litigation below.

SMRH:407646912.2

Case No. _____

HTC CORP.'S *EX PARTE* APPLICATION FOR
ISSUANCE OF A SUBPOENA TO BROADCOM CORP.

discovery sought in light of the relevant factors, including the factors the Supreme Court set out in *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

*First*, is the person from whom the discovery is sought a party to the foreign proceeding? If so, there is less apparent need for judicial assistance, as the foreign tribunal may simply order the person to provide the discovery. *See Intel*, 542 U.S. at 264. Here, Broadcom is not a party to the German Patent Actions (Gruber Decl. ¶ 6), and so this factor favors discovery.

*Second*, what is the nature of the foreign proceedings, and will the foreign tribunal be receptive to evidence obtained through this Court's judicial assistance? As the Declaration of Dr. Gruber explains, the German courts will be receptive to evidence gathered in the US, and only in exceptional circumstances would they refuse to admit such evidence. Dr. Gruber adds that "[i]t is a German constitutional right that a party involved in litigation may rely on any evidence available to it, which includes evidence produced on the order of a foreign court." (Gruber Decl. ¶ 10 ). The reported cases on the receptivity of the German courts to US discovery confirm Dr. Gruber's declaration. *See, e.g., In re Ex Parte LG Electronics Deutschland GmbH*, 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012) (German patent infringement action); *Cryolife, Inc. v. Tenaxis Med., Inc.*, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) (German patent infringement action); *Kang v. Nova Vision, Inc.*, 2007 WL 1879158, at *2 (S.D. Fla. Jun. 26, 2007) (German shareholder dispute); *Kulzer v. Biomet, Inc.*, 2009 WL 3642746, at *5 (N.D. Ind. Oct. 29, 2009) (German trade secret misappropriation action); *Minatec Finances SARL v. SI Group Inc.*, 2008 WL 3884374, at *7 (N.D.N.Y. Aug. 18, 2008) (German action for breach of representations and warranties). This factor therefore favors discovery.

*Third*, does the request conceal an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country or of the United States? *See Intel*, 542 U.S. at 244-45. Again, the precedents show that US courts in

Case No.

1  cases such as this do not view attempts to obtain evidence in the US as attempts to

2  circumvent German proof-gathering restrictions. *See, e.g., Heraeus Kulzer, GmbH*

3  *v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011); *Motorola*, 2012 WL 4936609, at

4  *2 (German patent infringement action); *In re Ex Parte Apple, Inc.*,

5  2012 WL 1570043, at *2 (N.D. Cal. May 2, 2012) (German patent infringement

6  action).

7        The inquiry under this factor is aimed at determining whether the

8  foreign court would be "affronted" by a party's recourse to US discovery. *See*

9  *Heraeus Kulzer*, 633 F.3d at 597. For this factor to weigh against granting the

10  application, there must be "authoritative proof that a foreign tribunal would reject

11  evidence obtained with the aid of section 1782." *See In re Esses*, 101 F.3d 873, 876

12  (2d Cir. 1996) (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d

13  Cir. 1995)). It is clear that the German courts would not be affronted by the parties'

14  resort to US discovery. (Gruber Decl. ¶ 10 ). Moreover, they have the ability to

15  admit or refuse to admit evidence as they see fit. *See Heraeus Kulzer*, 633 F.3d at

16  597. Thus this factor favors discovery.

17        *Last*, is the discovery request unduly intrusive or burdensome? The

18  categories of documents requested are narrowly tailored to get at documents that are

19  likely to contain information highly material to the issues being litigated in the

20  German Patent Actions. For example, each of the 7 categories relates to a specific

21  functionality of a single chip within Broadcom's range, the BCM4329. Dr. Gruber

22  confirms that the document requests have been drawn narrowly. (Gruber Decl. ¶ 8).

23  The requests in the proposed subpoena here are much more narrowly drawn than the

24  requests in *Motorola*, cited above, where the court approved a request for "all

25  documents that grant, granted or purport to grant [the subpoena target] rights,

26  protections, or licenses in any wireless intellectual property rights" or "all

27  communications with [the target] and/or third parties that relate to documents

28

1  produced in response to the request [for documents concerning the grant of rights]."

2  *See Motorola*, 2012 WL 4936609, at *3.

3          The *Intel* factors are non-exclusive.  While reciprocity, *i.e.*, whether the

4  foreign court will grant judicial assistance to litigants in US litigation, is not a

5  prerequisite to application of the statue, *see Société Nationale Industrielle*

6  *Aérospatiale v. US Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 529-30 & n.13

7  (1987), some courts consider reciprocity among the discretionary factors.  *See, e.g.,*

8  *In re Request For Judicial Assistance From Seoul Dist. Crim. Court*, 428 F. Supp.

9  109, 112 (N.D. Cal.), *aff'd* 555 F.2d 720 (9th Cir. 1977).  Germany, like the United

10  States, is a party to the Convention on the Taking of Evidence Abroad in Civil or

11  Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. 7444,[2] and it provides

12  judicial assistance to US and other foreign litigants as required by the treaty.

13  Statistics provided by the German government show that Germany regularly

14  executes requests for both testimony and documentary evidence. (Gruber Decl. ¶ 9

15  & Ex. B).

16          Some courts also consider "parity," *i.e.*, whether one party in the

17  foreign proceeding is able to take advantage of broad US discovery while the other

18  party is limited to the narrower discovery available under the foreign law.  In

19  general, concerns about parity can be resolved by requiring the party seeking US

20  discovery to agree to permit its opponent to have the opportunity to take reciprocal

21  US discovery.  *See Heraeus Kulzer*, 633 F.3d at 597.  But in this case, Nokia has

22  *already* sought to obtain US discovery by filing its own application under § 1782

23  seeking discovery from Qualcomm, another chip manufacturer whose products are

24

25

26

27  [2]

28          The parties to the Convention are listed at US Department of State, *Treaties In Force*
        395 (2011).

Case No. _____

SMRH:107646912.2

HTC CORP.'S *EX PARTE* APPLICATION FOR
ISSUANCE OF A SUBPOENA TO BROADCOM CORP.

1  incorporated in the accused devices. (Gruber Decl. ¶ 11).[3] Thus considerations of

2  parity favor granting this application.

3       In sum, *all* of the relevant factors favor discovery.

4  ### III.

5  ### CONCLUSION

6       Because HTC's application meets the statutory requirements of

7  28 U.S.C. § 1782, and because all of the discretionary factors favor granting the

8  application, HTC respectfully requests that the Court grant this application and

9  authorize it to serve the proposed subpoena on Broadcom.

10

11  Dated:  December 5, 2012

12

13       Respectfully submitted,

14       SHEPPARD, MULLIN, RICHTER &

15       HAMPTON LLP

16

17       By _____

18            NEIL A.F. POPOVIĆ

          MICHAEL MURPHY

19

20       Attorneys for HTC CORP.

21

22

23

24

25  ─────────────────────

26  [3] Nokia's application in the Southern District of California was granted on November 19, 2012. *See* Order Granting Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782

27  Granting Leave to Obtain Discovery for Use in Foreign Proceedings, *In re Ex Parte Application of Nokia GmbH and Nokia Corp.*, No. 3:12-CV-02653-BEN-RBB (S.D. Cal.

28  Nov. 19, 2012).

Case No. _____

HTC CORP.'S *EX PARTE* APPLICATION FOR
ISSUANCE OF A SUBPOENA TO BROADCOM CORP.

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2     A Limited Liability Partnership
      Including Professional Corporations
3   NEIL A.F. POPOVIC, Cal. Bar No. 132403
    npopovic@sheppardmullin.com
4   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
5   Telephone:  415.434.9100
    Facsimile:  415.434.3947
6
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7     A Limited Liability Partnership
      Including Professional Corporations
8   MICHAEL MURPHY, Cal. Bar No. 234695
    mmurphy@sheppardmullin.com
9   12275 El Camino Real, Suite 200
    San Diego, CA 92130
10  Telephone:  858.720.8900
    Facsimile:  858.509.3691
11
    MURPHY & KING, P.C.
12  THEODORE J. FOLKMAN [subject to admission *pro hac vice*]
    tjf@murphyking.com
13  One Beacon Street
    Boston, MA 02108
14  Telephone:  617.226.3451
    Facsimile:  617.305.0651
15
    Attorneys for HTC CORP.
16                  UNITED STATES DISTRICT COURT
17                 CENTRAL DISTRICT OF CALIFORNIA
18                       SOUTHERN DIVISION
19
20  In Re:                          Case No. _____
21  APPLICATION OF HTC CORP. FOR    **PROPOSED ORDER GRANTING**
    ISSUANCE OF A SUBPOENA TO       **HTC CORP.'S *EX PARTE***
22  BROADCOM CORP.                  **APPLICATION FOR ISSUANCE**
                                    **OF A SUBPOENA TO BROADCOM**
23                                  **CORP.**
24
25
26
27
28

                              -1-                    Case No. _____

1     On December 5, 2012, Applicant HTC Corporation ("HTC") filed an

2 "Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to

3 Obtain Discovery for Use in Foreign Proceedings and Supporting Memorandum" in

4 which HTC seeks an order allowing it to obtain documents from Broadcom

5 Corporation ("Broadcom") in connection with two patent cases pending in Germany

6 between:  (1) HTC Corporation and Nokia GmbH; and (2) HTC Corporation and

7 Nokia Oyj.

8     The Court, having fully considered the Application, and good cause

9 appearing: **HEREBY GRANTS the Application of HTC.  IT IS HEREBY**

10 **ORDERED THAT HTC IS GRANTED LEAVE TO** serve the subpoena for

11 documents attached as Exhibit 2 to the Application, directing Broadcom to produce

12 the documents requested in the subpoena at the offices of counsel for HTC:

13

14    Sheppard Mullin Richter & Hampton LLP c/o Neil A.F. Popović, 650

15    Town Center Drive, 4th Floor, Costa Mesa, CA  92626.

16

17 Or produced at another location mutually agreeable to HTC and Broadcom.

18

19     It is further **ORDERED** that copies of the Application and

20 Memorandum in Support thereof and this Order shall be mailed to the following:

21

22    Broadcom Corporation, 5300 California Ave., Irvine, California 92617

23

24    **IT IS SO ORDERED.**

25

26 DATED:  _____    _____

27         United States District Judge

28

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ex Parte Application of HTC CORP. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) (If the action is pending in another district, state where: |
| _Defendant_ | ) _____ ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  BROADCOM CORP., 5300 California Ave., Irvine, California 92617

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: Sheppard Mullin Richter & Hampton LLP <br> c/o Neil A.F. Popovic <br> 650 Town Center Dr, 4th Flr, Costa Mesa, CA  90071 | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____ HTC Corp. _____
_____, who issues or requests this subpoena, are:

Michael Murphy, Sheppard Mullin Richter & Hampton, LLP, 12275 El Camino Real, Suite 200, San Diego, CA  92130, 858-720-8900, mmurphy@sheppardmullin.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. "Broadcom", "You" or "Your" means Broadcom Corporation and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to Broadcom Corporation.

2. "BCM4329 Chip" means Broadcom's BCM4329 wireless communication chip and any Software relating to its operation (regardless of whether for use with the chip itself or with an application processor or host processor), including drivers, dongle host driver ("DHD"), utilities, DHD utility and wl utility.

3. "Software" means any software in human readable form, such as source code and configuration, data and resource files.

4. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

5. "ESI" means electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, video recordings, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. ESI must be produced in native format, with all metadata associated with the ESI. "ESI" includes but is not limited to word processing documents or other text files, text or other files containing source code, images, audio recordings, or video recordings, and emails, and it includes information stored on hard drives or other media that you own or possess or in any other medium, including but not limited to cloud-based storage.

6. "Documents" includes both documents and ESI and is defined to be equal in scope to the broadest usage of the terms "documents" and "electronically stored information"

in Fed. R. Civ. P. 45(d). It includes both documents in their original language and documents translated into another language. A draft or non-identical copy of a document is a separate document.

7. "Relating to" and "related to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, representing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating or in any manner whatsoever pertaining to that subject.

8. The words "any", "all" and "each" shall be construed to mean any, all, each, and every.

9. If you claim that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product or unanswerable in full for any reason, you should answer the request to the extent that the document or thing is not withheld on such grounds and provide, within ten (10) days after objections based on privilege to the underlying requests are due, a list providing the number of the particular documents or thing withheld, and the full identification of any withheld document, thing, or portions there of including:

   (1)   its date;

   (2)   the author(s)/sender(s);

   (3)   the recipient(s), including copy recipients(s);

   (4)   the general subject matter of the document;

   (5)   the specific grounds for not answering in full, including the nature of the privilege (e.g., "attorney-client privilege, work product") or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds; and

(6)    a certification that all elements of the claimed privilege have been met and not waived with respect to each document.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to the BCM4329 Chip which show that it:

    a. may include one or more packet patterns;

    b. is adapted to determine whether or not a data packet received over a wireless network conforms to a packet pattern; and

    c. is adapted to generate and transmit a signal to an application processing unit depending on the outcome of that determination.

2. All documents relating to the BCM4329 Chip which show how it filters or is adapted to filter data packets received via a wireless network, including through use of an offset, a packet pattern and a bitmask.

3. All documents relating to the default behavior of the BCM4329 Chip in relation to the filtering of different data packet types received via a wireless network.

4. All documents relating to the BCM4329 Chip which show that it may be programmed to filter different data packet types received via a wireless network, including the programming of an offset, a packet pattern and a bitmask.

5. All documents relating to the offloading functionality of the BCM4329 Chip in relation to data packets received via a wireless network.

6. All documents relating to the BCM4329 Chip which show that in response to receiving data packets via a wireless network the BCM4329 Chip generates and transmits or is adapted to generate and transmit to an application processing unit signals which wake the application processing unit, including signals transmitted via the host, SDIO and SPI interfaces.

7. All documents relating to the BCM4329 Chip which show that when the application processing unit is asleep the BCM4329 Chip reduces the power consumed by the application processing unit or is adapted to reduce the power consumed by the application processing unit by discarding certain types of data packets received via a wireless network.

JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| In re Ex Parte Application of HTC Corp. for Issuance of a Subpoena to Broadcom Corp. | |

| (b) County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Sheppard Mullin Richter & Hampton LLP<br>Neil A.F. Popovic (SBN 132403); Michael Murphy (SBN 234695)<br>4 Embarcadero Center, 17th Flr, San Francisco, CA 94111 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1782
Brief description of cause:
Application for leave to obtain discovery

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

| DATE<br>12/05/2012 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Michael Murphy     *Michael Murphy/BP* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**SACV12-02113 AG (MLGx)**

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.        (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.       Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.        Example:        U.S. Civil Statute: 47 USC 553
                                                        Brief Description: Unauthorized reception of cable service

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2113 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY