1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations
    NEIL A.F. POPOVIC, Cal. Bar No. 132403
3   npopovic@sheppardmullin.com
    Four Embarcadero Center, 17th Floor
4   San Francisco, California 94111-4109
    Telephone:   415.434.9100
5   Facsimile:   415.434.3947

6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
7       Including Professional Corporations
    MICHAEL MURPHY, Cal. Bar No. 234695
8   mmurphy@sheppardmullin.com
    501 West Broadway, 19th Floor
9   San Diego, CA 92101-3598
    Telephone:   619.338.6500
10  Facsimile:   619.234.3815

11  MURPHY & KING, P.C.
    THEODORE J. FOLKMAN [*pro hac vice*]
12  tjf@murphyking.com
    One Beacon Street
13  Boston, MA 02108
    Telephone:   617.226.3451
14  Facsimile:   617.305.0651

15  Attorneys for HTC CORP.

16  O'MELVENY & MYERS LLP
    DARIN SNYDER, Cal. Bar No. 136003
17  dsnyder@omm.com
    Two Embarcadero Center, 28th Floor
18  San Francisco, CA 94111
    Telephone:  415.984.8700
19  Facsimile:  415.984.8701

20  O'MELVENY & MYERS LLP
    SCOT RIVES, Cal. Bar No. 281679
21  srives@omm.com
    610 Newport Center Drive, 17th Floor
22  Newport Beach, CA 92660
    Telephone:  949.823.6900
23  Facsimile:  949.823.6994

24  Attorneys for Non-Party Broadcom Corp.

25

26

27

28

1  UNITED STATES DISTRICT COURT

2  CENTRAL DISTRICT OF CALIFORNIA

3  SOUTHERN DIVISION

4

5  In Re:                                    Case No. 8:12-cv-02113-DOC (MLGx)

6  APPLICATION OF HTC CORP. FOR              STIPULATED PROTECTIVE ORDER
   ISSUANCE OF A SUBPOENA TO
7  BROADCOM CORP.

8

9      Petitioner HTC Corp. ("HTC"), is the plaintiff in two patent infringement actions

10 now pending in Germany ("the German Actions") against Nokia Oyj and Nokia GmbH

11 (together, "Nokia").  In the German Actions, HTC alleges that Nokia has infringed

12 European patent EP 2073096 B1 ("the 096 Patent"), a patent relating to power

13 management systems in electronic devices having telecommunication and wireless

14 communication capabilities.  Nokia's Lumia smartphones at issue contain a BCM4329

15 wireless connectivity chip, designed and supplied to Nokia by Non-Party Broadcom Corp.

16 ("Broadcom").  Broadcom also produced driver code for the BCM4329, which it supplied

17 to Nokia on or with the BCM4329.

18      Broadcom contends that the documents sought by HTC are highly confidential.

19 That it "undertakes significant and continuous efforts to protect its confidential technical

20 information from disclosure to competitors and the public."  [Dkt. No. 15-1, p. 7.]  And

21 that this "technical information is the heart of Broadcom's business." [*Id.*]  As a result, the

22 parties believe that disclosure and discovery activity in this action are likely to involve

23 production of confidential, proprietary, or private information for which special protection

24 from public disclosure and from use for any purpose other than the Foreign Litigation

25 (defined below) may be warranted, and that good cause exists for entry of this Stipulated

26 Protective Order.

27      In light of the foregoing, HTC and Broadcom wish to establish procedures to limit

28 the necessity for objections and subsequent motions seeking discovery, and facilitate the

1  disposition by the Court of disputes or problems that may arise in connection with

2  discovery herein.  HTC, and Broadcom, by and through their counsel of record, and

3  pursuant to Rules 26(c) and 29(b) of the federal Rules of Civil Procedure and Local Rule

4  7-1, hereby agree and stipulate as follows:

5  **A.     Purposes and Limitations**

6         HTC Corp. has submitted an application pursuant to 28 U.S.C. § 1782 seeking

7  discovery of confidential and proprietary materials from Non-Party Broadcom Corp. for

8  use in the Foreign Litigation (defined below) against Nokia.  HTC, Nokia, and Broadcom

9  hereby stipulate to and petition the court to enter the following Stipulated Protective Order

10  to govern all Confidential Information (defined below) provided by Broadcom to HTC and

11  Nokia.  This stipulation is agreed to in light of HTC and Broadcom's separate negotiated

12  agreement on the scope of materials to be produced—namely, certain relevant customer-

13  facing documents accessible via Broadcom's docSAFE portal.  This Stipulated Protective

14  Order and Broadcom's stipulation to it should not be interpreted as Broadcom's general

15  practice or satisfaction with these measures for the production of any confidential and

16  proprietary materials under 28 U.S.C. § 1782.

17  **B.     Definitions**

18         1.     "Material": all information, documents, testimony, and things produced,

19  served, or otherwise provided in this action for the Foreign Litigation.

20         2.     "Confidential Information": information (regardless of how it is generated,

21  stored or maintained) or tangible things that qualify for protection under Federal Rule of

22  Civil Procedure 26(c).

23         3.     "Foreign Litigation": HTC Corp. v. Nokia GmbH, Case No. 7 0 181/12, filed

24  by HTC in the Mannheim (Germany) Regional Court, and HTC Corp. v. Nokia Oyj, Case

25  No. 7 O 16023/12, filed by HTC in the Munich (Germany) Regional Court.

26         4.     "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" material:

27  information, documents, and things that include or incorporate Broadcom Confidential

28  Information.

-3-

5.      "Party" means: with respect to HTC, HTC. Corp. and all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs); in addition to HTC, the term "Party" shall also include Nokia GmbH and Nokia Oyj ("collectively, "Nokia"), all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs), but only if Nokia returns an executed copy of Exhibit A to HTC and Non-Party Broadcom.

6.      "Authorized Reviewer(s)": persons authorized to review "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" material in accordance with this Order.

7.      "Designated Broadcom Material":  material that is designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

8.      "Counsel of Record": attorneys for a Party who are not employees of a Party and that have executed Exhibit A and been retained to represent or advise a Party in the Foreign Litigation.

9.      "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the Foreign Litigation who has been retained by Counsel of Record to serve as an expert witness or a Foreign Litigation consultant in the Foreign Litigation (including any necessary support personnel of such person to whom disclosure is reasonably necessary for the Foreign Litigation), and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  (a) a Party, (b) a competitor of a Party, or (c) a competitor of Broadcom.

10.     "Producing Party": a Party or Broadcom that produces Designated Broadcom Material.

11.     "Receiving Party": a Party that receives Designated Broadcom Material in this action or the Foreign Litigation.

12.     "Professional Vendors": persons or entities that provide Foreign Litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or

SMRH:408049758.2

medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in the Foreign Litigation, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of: (a) a Party, (b) a competitor of a Party, or (c) a competitor of Broadcom.  This definition includes ESI vendors retained in connection with the Foreign Litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**C.     Scope**

13.     A Party that produces Material that includes or describes Broadcom Confidential Information shall affix the legend "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" to each page of the Material.  Producing Party shall designate Material that includes Broadcom Confidential Information as "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" by affixing a legend to the Material or by written notice to the Parties.  A Receiving Party may use Designated Broadcom Materials only for prosecuting, defending, or attempting to settle the Foreign Litigation. Designated Broadcom Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Foreign Litigation has been terminated, a Receiving Party must comply with the provisions of Section L below (FINAL DISPOSITION).

14.     The protections conferred by this Order cover not only Designated Broadcom Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  This Order shall not prevent a disclosure to which Broadcom consents in writing before that disclosure takes place.

15.     At the present time, HTC is seeking confidential Broadcom technical documentation that Broadcom provides to its customers under non-disclosure agreements. HTC is not presently seeking any production of Broadcom's internal code.  If HTC

1  requests a code inspection or production in the future, the parties will meet and confer in

2  good faith to discuss HTC's requests, whether said code could be sufficiently protected

3  from unauthorized disclosure in the Foreign Litigation, and if so, appropriate

4  confidentiality protections for a code inspection or production including increased duration

5  of the Order's effect.

6  **D.     Access To Designated Broadcom Material**

7         16.     Protected Material must be stored and maintained by a Receiving Party at a

8  location and in a secure manner that ensures that access is limited to the persons authorized

9  under this Order.

10        17.     Access to "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY"

11  material:  Unless otherwise ordered by the Court or permitted in writing by Broadcom, a

12  Party may disclose information, documents or things designated "BROADCOM –

13  OUTSIDE ATTORNEYS' EYES ONLY" only to:

14        a.     Persons who appear on the face of Designated Broadcom Material as an

15  author, addressee or recipient thereof;

16        b.     Counsel of Record;

17        c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably

18  necessary for the Foreign Litigation, and who have signed the acknowledgement form

19  annexed to the Protective Order as Exhibit A and the "Certification Of Consultant"

20  attached hereto as Exhibit B,  provided that the appropriate time has passed and no

21  unresolved objections to such disclosure exist after proper notice has been given to

22  Broadcom as set forth in Paragraph 25 below;

23        d.     Any judge who is assigned to hear the Foreign Litigation and his or her staff

24  ("Judge"), provided that before  disclosing the material to the judge, the Party making the

25  disclosure must inform the judge of this Protective Order and formally petition the

26  applicable Court(s) hearing the Foreign Litigation for an order that any Designated

27  Broadcom Material shall be maintained as confidential and that any pre-trial and trial

28  proceedings will be conducted in a manner to protect Designated Broadcom Material from

-6-

1  disclosure to persons not authorized to have access to such Designated Broadcom Material

2  under this Order;

3        e.     Any person appointed by a Judge to provide him/her with expert assistance

4  in relation to the technical issues in dispute in the Foreign Litigation, provided that said

5  person agrees to abide by the terms of this Protective Order and has signed the

6  acknowledgement form annexed to the Protective Order as Exhibit A;

7        f.     Court reporters and videographers employed in connection with the Foreign

8  Litigation; and

9        g.     Professional Vendors to whom disclosure is reasonably necessary for the

10  Foreign Litigation, and a representative of which has signed the acknowledgement form

11  annexed to the Protective Order as Exhibit A.

12        18.    Absent a court order from this Court or written agreement of Broadcom,

13  Designated Broadcom Material may not be disclosed to employees of a Receiving Party,

14  including its in-house attorneys and support staff.

15        19.    The Parties acknowledge that Designated Broadcom Material also may be

16  subject to the US government export control and economic sanctions laws, including the

17  Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ )

18  administered by the Department of Commerce, Bureau of Industry and Security, and the

19  Foreign Asset Control Regulations (31 CFR 500 et seq.,

20  http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of

21  Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties may not directly

22  or indirectly export, re-export, transfer or release (collectively, "Export") any Designated

23  Broadcom Material to any destination, person, entity or end use prohibited or restricted

24  under US law without prior US government authorization to the extent required by

25  regulation. The US government maintains embargoes and sanctions against the countries

26  listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba,

27  Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall

28  apply.

SMRH:408049758.2

20.     Absent written permission from Broadcom, persons not permitted access to Designated Broadcom Material under the terms of this Protective Order shall not be present while Designated Broadcom Material is discussed or otherwise disclosed.  To the extent permitted by German law, pre-trial and trial proceedings shall be conducted in a manner to protect Designated Broadcom Material from disclosure to persons not authorized to have access to such Designated Broadcom Material under this Order. Any Party intending to disclose or discuss Designated Broadcom Material at pretrial or trial proceedings must give advance notice of ten (10) business days to Broadcom through its designated U.S. counsel of record in this matter.  Prior to a Party disclosing or discussing any Designated Broadcom Material in any pre-trial and trial proceedings or filings, the Party requesting Production of the Designated Broadcom Material shall, in connection with the Foreign Litigation, formally petition the applicable Court(s) hearing the Foreign Litigation for an order that any Designated Broadcom Material shall be maintained as confidential and excluded from any third-party file inspection and that any pre-trial and trial proceedings will be conducted in a manner to protect Designated Broadcom Material from disclosure to persons not authorized to have access to such Designated Broadcom Material under this Order.  Without limitation and for purposes of each and every hearing where Designated Broadcom Material may be discussed, this includes requesting: (1) that the public be excluded from the hearing; (2) that the public be excluded from the pronunciation of the grounds of the judgment; and (3) that the persons attending the hearing are obliged to keep secret any facts derived from Designated Broadcom Material they learn in the hearing or from an official court document.  Additionally, the Party who disclosed Designated Broadcom Material to the Court(s) will renew any petitions to maintain Designated Broadcom Material confidential or exclude it from inspection when necessary, such as when a third-party later seeks inspection of court documents or filings.

21.     Each Receiving Party agrees to assume full responsibility and liability to Broadcom for any breach of this Order by any of its agents, officers, directors, employees, consultants, retained experts, or Counsel of Record.

**E.      Access By Outside Consultants**

22.      Notice:  If a Receiving Party wishes to disclose Designated Broadcom Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated Broadcom Material, provide notice to U.S. counsel of record for Broadcom, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Broadcom or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By The Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, that have both been signed by that Outside Consultant.  Broadcom shall have ten (10) business days to raise any objections for good cause to those Outside Consultants, starting from the first business day following the date upon which Receiving Party expressly notifies Broadcom of that expert, whereby such express notification shall be provided to Broadcom directly by Receiving Party.

23.      Objections. With respect to Outside Consultants that have not been previously disclosed to Broadcom, Broadcom shall have ten (10) business days from receipt of the notice specified in Paragraph 23 to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Broadcom, then Designated Broadcom Material may be disclosed to the Outside Consultant pursuant to the terms of this Protective Order. Any objection by Broadcom must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must

1  first attempt to resolve the objection(s) informally with Broadcom. If the informal efforts

2  do not resolve the dispute within five (5) business days from the date upon which

3  Receiving Party was first notified of any objection for good cause by Broadcom, Receiving

4  Party may file a motion requesting that the objection(s) be quashed after that five (5) day

5  period has passed. Broadcom shall have the burden of proof by a preponderance of the

6  evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court

7  upon any such objection(s), or the subsequent resolution of the objection for good cause by

8  Receiving Party and Broadcom, the discovery material shall not be disclosed to the person

9  objected to by Broadcom.

10        24.     By disclosing Designated Broadcom Material to an Outside Consultant, a

11  Receiving Party agrees to assume full responsibility and liability for any breach of this

12  Order by the Outside Consultant.

13  **F.        Prosecution and Development Bar**

14        25.     Unless otherwise permitted in writing between Broadcom and Receiving

15  Party, any individual who personally receives, other than on behalf of Broadcom, any

16  material designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" shall not

17  participate in amending or drafting patent specifications or claims before a Patent Office of

18  any patent or patent application substantially related to the particular technology or

19  information disclosed in the Designated Broadcom Material, from the time of receipt of

20  such material through the time the individual person(s) cease to have access to materials

21  designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" as well as any

22  materials that contain or disclose Broadcom Material so designated.

23        26.     Unless otherwise permitted in writing between Broadcom and Receiving

24  Party, any Outside Consultant retained on behalf of Receiving Party who is to be given

25  access to documents or source code designated as "BROADCOM – OUTSIDE

26  ATTORNEYS' EYES ONLY" produced by another Party must agree in writing not to

27  perform hardware or software development work or product development work intended

28  for commercial purposes substantially related to the particular technology or information

SMRH:408049758.2

1  disclosed in the Designated Broadcom Material from the time of first receipt of such

2  material through the date the Outside Consultant ceases to have access to any material

3  designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY" as well as any

4  materials that contain or disclose Broadcom Material so designated.

5  **G.    Protected Material Subpoenaed or Ordered Produced In Other Litigation**

6          27.    If a Receiving Party is served with a subpoena or becomes aware of a court

7  order that would compel disclosure of any information, documents or things designated in

8  this action as "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY", Receiving

9  Party must endeavor to so notify Broadcom of such information, documents or things, in

10  writing (by fax and email) promptly, and in no event less than ten (10) calendar days

11  before the date specified for response to the subpoena or order, and no more than five (5)

12  calendar days after receiving the subpoena or order, whichever is earlier. Such notification

13  must include a copy of the subpoena or order. Receiving Party also must immediately

14  inform, in writing, the party who caused the subpoena or order to issue that some or all of

15  the material covered by the subpoena or order is subject to this Protective Order. In

16  addition, the Receiving Party must provide a copy of this Protective Order promptly to the

17  party in the other action that caused the subpoena or order to issue. If the Receiving Party

18  is a party to the other action, the Receiving Party agrees to abide by all applicable terms of

19  this Order in connection with the other action.  The purpose of imposing these duties is to

20  alert the interested parties to the existence of this Protective Order, and to afford the Party

21  whose Designated Broadcom Material in this case is at issue in the other case, as well as

22  Broadcom, an opportunity to try to protect its confidentiality interests in the court from

23  which the subpoena or order issued. Producing Party shall bear the burdens and the

24  expenses of seeking protection in that court of its Designated Broadcom Material. Nothing

25  in these provisions should be construed as authorizing or encouraging any Authorized

26  Reviewer(s) in this action to disobey a lawful directive from another court.

27  **H.    Unauthorized Disclosure Of Designated Broadcom Material**

28

28.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Broadcom Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Broadcom of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Broadcom Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Order.

**I.      Jurisdiction and Responsibilities of Parties**

29.     The parties agree that the full execution of Exhibit A attached hereto is a condition precedent for Broadcom's disclosure of the Designated Broadcom Material, and the Parties hereby agree that Designated Broadcom Material shall be deemed Broadcom Confidential Information.  The Parties acknowledge that, by virtue of this Order and/or by returning a signed copy of Exhibit A, each of the Parties and their agents, including all officers, directors, employees, consultants, retained experts, outside counsel, and Outside Consultants given access to Designated Broadcom Material, are subject to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of this Order.

30.     The Parties further agree to take comprehensive measures to ensure that their agents (including all counsel, consultants, experts, and Professional Vendors) fully comply with this Protective Order.  Each party shall be liable to Broadcom for any and all damages resulting from any breach of this Protective Order by that Party or its agents including without limitation, incidental damages, indirect damages, consequential damages, lost profits, lost revenues, and business interruption.  Because an award of money damages may be inadequate for any breach of this Protective Order and any such breach may cause Broadcom irreparable harm, each Party also agrees that, in the event of any breach or threatened breach of this Agreement as determined by the Court, Broadcom will also be

1  entitled, without the requirement of posting a bond or other security, to seek equitable

2  relief, including injunctive relief and contempt sanctions.

3  **J.      No Contrary Action**

4        31.      Each Receiving Party acknowledges and agrees that it will not take any

5  action that could be reasonably expected to subject Designated Broadcom Material to

6  disclosure to a third party intervenor in the Foreign litigation in a manner other than as

7  specified in this Order, including cross-claiming or otherwise adding the third party to the

8  Foreign Litigation. HTC represents that it has no present intention of asserting a claim for

9  infringement of the patent(s) asserted in the Foreign Litigation against any person other

10  than Nokia. If a third party seeks access to Designated Broadcom Material from the court

11  hearing the Foreign Litigation, whether before or after the termination of the Foreign

12  Litigation, HTC will promptly notify Broadcom of the third party's action.

13  **K.      Duration**

14        32.      Even after the termination of the Foreign Litigation, the confidentiality

15  obligations imposed by this Order shall remain in effect until the later of either: (i) two (2)

16  years following the termination of the Foreign Litigation, or (ii) seven (7) years from the

17  date Broadcom discloses the Designated Broadcom Material unless Broadcom agrees

18  otherwise in writing or a court order from this Court otherwise directs.

19  **L.      Final Disposition**

20        33.      Unless otherwise ordered or agreed in writing by Broadcom, within sixty

21  (60) days of the termination of the Foreign Litigation, whether through settlement or final

22  judgment (including any and all appeals therefrom), each Receiving Party, including

23  outside counsel for each Receiving Party, will destroy all Designated Broadcom Material

24  produced by any other Party in this action, as well as all work product, pleadings, motion

25  papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into

26  evidence containing information from such Designated Broadcom Material ("derivations")

27  and all copies thereof, with the exception of copies stored on back-up tapes or other

28  disaster recovery media. Within sixty (60) days of the date of settlement or final judgment,

1   each Receiving Party shall serve Broadcom with a certification stating that it, including its

2   outside counsel, has complied with its obligations under this paragraph. With respect to

3   any copy of Designated Broadcom Material or derivation thereof that remains on back-up

4   tapes and other disaster storage media of an Authorized Reviewer(s), neither the

5   Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its

6   behalf shall make copies of any such information available to any person for any purpose

7   other than backup or disaster recovery unless compelled by law and, in that event, only

8   after thirty (30) days prior notice to Broadcom or such shorter period as required by court

9   order, subpoena, or applicable law.

10  **M.    Effective Date**

11       34.    The Parties and Broadcom agree that this Protective Order will be legally

12  binding from the date upon which it is submitted to the Court for entry, in the form that it

13  is submitted to the Court.

14

     Dated:    February 19, 2013

15
                                    Respectfully submitted,
16
                                    SHEPPARD, MULLIN, RICHTER & HAMPTON  LLP
17

18                                  By    _____
                                                /s/Michael Murphy
19                                         NEIL A.F. POPOVIĆ
                                           MICHAEL MURPHY
20
                                        Attorneys for HTC CORP.
21

22  MURPHY & KING, P.C.

23

24                                  By    _____

25                                         THEODORE J. FOLKMAN

26                                      Attorney for HTC CORP.

27                                        _____

28

1

2                              O'MELVENY & MYERS LLP

3

4                    By        _____/s/ Darin Snyder_____

5                                        DARIN SNYDER
                                         SCOT RIVES
6
                              Attorneys for BROADCOM CORP.
7
                              _____
8

9

10  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11

12  DATED:  <u>February 21, 2013</u>         _____
                                        Hon. Marc L. Goldman
13                                      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____ , declare and say that:

1.      I am employed as _____

by_____("the Company").

2.      I have read the Protective Order entered in Case No. _____, and have received a copy of and agree to be bound by the Protective Order.

3. I promise that I will use any and all "Designated Broadcom Material" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the Foreign Litigation.

4. I promise that I will not disclose or discuss such "Designated Broadcom Material" information with anyone other than the persons authorized by the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself, as well as all officers, directors, employees, consultants, retained experts, outside counsel, and Outside Consultants of the Company given access to Designated Broadcom Material, to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Designated Broadcom Material" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

SMRH:408049758.2

Case No 8:12-cv-02113-DOC (MLGx)

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT B</u>

<u>CERTIFICATION OF CONSULTANT</u>

I, _____ [print or type full name], of

_____ am not an employee of the Party who

retained me or of a competitor of any Party or Non-Party Broadcom and will not use any

information, documents, or things that are subject to the Protective Order governing

discovery from Broadcom in this matter for any purpose other than this Foreign Litigation.

I agree not to perform hardware or software development work or product development

work intended for commercial purposes relating to the particular technology or

information disclosed in the Designated Broadcom Material, from the time of receipt of

such material through and including the date that I cease to have access to any material

designated "BROADCOM – OUTSIDE ATTORNEYS' EYES ONLY."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed On_____.


_____

[Printed Name]


_____

[Signature]

SMRH:408049758.2

Case No 8:12-cv-02113-DOC (MLGx)

STIPULATED PROTECTIVE ORDER